## McLAUGHLIN v. DEAN WITTER & CO. *
### No. 7219.

Circuit Court of Appeals, Ninth Circuit.
March 5, 1934.

*Rehearing denied April 13, 1934.

GARRECHT, Circuit Judge, dissenting.

H. H. McPike, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

F. D. Madison, Marshall P. Madison, and Gerald S. Levin, all of San Francisco, Cal. (Pillsbury, Madison & Sutro, of San Francisco, Cal., of counsel), for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

SAWTELLE, Circuit Judge.

This is an appeal from a judgment in favor of appellee in an action brought by it against appellant as collector of internal revenue under sections 3220 and 3226 of the Revised Statutes (26 USCA §§ 149, 156) to recover a refund of income taxes alleged to have been illegally collected for the year 1925.

It appears that appellee filed a consolidated income tax return for the year 1925 on behalf of itself and three of its subsidiaries, Dean Witter & Co. of Seattle, Dean Witter & Co. of Los Angeles, and Dean Witter & Co. of San Francisco. Appellee paid the tax due thereon and was reimbursed therefor by each of the subsidiaries. Thereafter, upon an audit of the affairs of the companies by an internal revenue agent, it was found by the agent and disclosed by his report to the Commissioner of Internal Revenue that appellee was affiliated only with the Los Angeles company for income tax purposes and that appellee had overpaid its tax in the amount of $1,366.81 and the Seattle company in the amount of $229. for the year in question. In the agreed statement of facts it is stipulated that the taxes were overpaid in said amounts. To recover the overpayments, this action was instituted.

It is stipulated that: "After the said revenue agent had completed his examination of the consolidated return, namely, during the month of August, 1929, he discussed his findings with these plaintiffs and with the other corporations included in the consolidated return, and they agreed to the same, and at his request signed certain closing agreements which he furnished them and which they returned to him and he forwarded during said month to the Commissioner."

The closing agreement executed by appellee reads as follows:

"Treasury Department, U. S. Internal Revenue, Form 866 CR

"Agreement as to final determination of tax liability.

"Agreement, made in duplicate under and in pursuance of Section 606 of the Revenue Act of 1928, by and between:

"Name and address:           State of
"Dean Witter & Co.,          Incorporation:
    "486 California St.,          California.
    "San Francisco, California.
"Dean Witter & Co. of
    Los Angeles,
    "486 California St.,          California.
    "San Francisco, California.

"taxpayers affiliated under the provisions of section 240 of the Revenue Act of 1926, having their principal offices or places of business at the addresses given and for which a consolidated return of income has been filed for the Dean Witter & Co. and subsidiary, and the Commissioner of Internal Revenue;

"Whereas, there has been a determination of the tax liability of said taxpayers in respect of income tax for the year ended December 31, 1925, in the principal sum of One Hundred Nineteen Dollars and Eleven Cents ($119.11); and

"Whereas, said taxpayers hereby agree to this determination and consent to the assessment and collection of any deficiency in tax included in the amount of the principal tax liability so determined, together with any penalty or interest applicable thereto as provided by law, and/or to accept any abatement, credit or refund made in accordance with such determination, together with any interest due thereon as provided by law.

"Now, this agreement witnesseth, that said taxpayers and said Commissioner of Internal Revenue hereby mutually agree that the principal amount of such liability so determined shall be final and conclusive if and when this agreement is approved by the Secretary of the Treasury or the Undersecretary.

"In Witness Whereof, the above parties

have subscribed their names to these presents in duplicate.

"Signed this 1st day of August, 1929.
"Dean Witter & Co., (Parent)
"By G. D. Cronin, Treas.
"Signed this 15th day of August, 1929.
"Dean Witter & Co., of Los Angeles,
(Subsidiary)
"By John S. Thomson, Secretary.
"Signed this ——— day of Dec. 4, 1929.
"Robt. H. Lucas,
"Commissioner of Internal Revenue.

"The above agreement has been approved by the Secretary of the Treasury in accordance with the provisions of Section 606 of the Revenue Act of 1928, the approval being specifically enumerated on Schedule No. 3484.

"Dated Dec. 4, 1929."

A similar agreement was executed by the Seattle company, except that it does not contain the clause that the taxpayers hereby agree "to accept any abatement, credit or refund made in accordance with such determination."

The statutory period for filing claims for refund of the overpayments expired in September, 1929 (section 284, Revenue Act 1926, 44 Stat. 66, 26 USCA § 1065 and note), and no formal claim was filed within that time.

December 12, 1929, the Commissioner issued certificates of overassessment for the amounts in question and forwarded the certificates to appellant, the local collector. In March, 1930, the Commissioner revoked the certificates on the ground that claims for refund of said amounts were barred by the statute of limitations, and so notified appellant. Formal claims for refund, on Form 843, were filed in February, 1931, and rejected in May, 1931.

Despite the fact that no formal claim for refund was filed within the statutory period, appellee contends, in support of the judgment of the court below, that the closing agreements, filed with the Commissioner prior to the expiration of the statutory period for filing claims for refund, and previous correspondence with the Commissioner relating thereto, constituted informal claims for refund which were later perfected by the filing of the formal claims, after the statutory period.

In this connection appellee states: "We recognize that as a condition precedent to the filing of a suit it is necessary to file a claim within the statutory period. However, it is clear that the claim filed need not be on the form or in the precise manner prescribed by the regulations of the Treasury Department (Treasury Decision 4265, Cumulative Bulletin VIII-1, p. 110), but may be an informal or inferential demand for refund. * * * We admit the first argument of the defendant that the filing of a claim for refund is a jurisdictional condition precedent to a suit for recovery of taxes and that the claim filed must relate to the same claim considered by the suit. We have shown, however, that the condition precedent was complied with in the case at bar by the filing of the informal claims upon which this suit is brought."

The requisites and formalities of a claim for refund are set forth in Treasury Decisions 4265 and 4266, Cum. Bul. VIII-1, pp. 110, 111, effective May 1, 1929, which provide, among other things, that, "The claim must set forth in detail and under oath each ground upon which a refund or credit is claimed, and facts sufficient to apprise the Commissioner of the exact basis thereof."

Besides the closing agreements, the only other documents filed with the Commissioner before the expiration of the statutory period for filing claims for refund is a letter written June 21, 1929, by appellee to the Commissioner requesting information as to when payment might be expected of a $258 overassessment against the Seattle company. The Commissioner's reply to that letter is to the effect that such a recommendation had been made by a revenue agent but that the determination of tax liability for that company had not been completed and that the company would be notified upon completion of the audit. Commenting upon the letter of June 21, appellee says: "Defendant reaches the conclusion that under the above cases it is impossible to consider the letter of June 21, 1929, as a claim for refund on behalf of the Seattle Company or of the plaintiff. We do not dispute that conclusion, however, as we have shown heretofore neither the claim for refund on behalf of the Seattle Company, or of the plaintiff, is based upon that letter. The only consequence we attach to the letter is that it is another circumstance to be considered, which makes the inferential demand on the basis of the facts already found more certain in the case of the Seattle Company and brings that case more clearly within the ruling of the Supreme Court in the Bonwit Teller & Co. Case [283 U. S. 258, 51 S. Ct. 395, 75 L. Ed. 1018]. We again emphasize the fact that the closing agreements are relied upon as informal claims and not the letter of June 21, 1929."

As above stated, the period of limitations for filing claims for refund ran in September, 1929, and no other or further correspondence or documents were filed with the Commissioner prior to that time, save the closing agreements. In our opinion, the closing agreements and the letter above referred to are insufficient to constitute even an informal claim for refund. It cannot be said therefore that the formal claims filed after the statutory period related back to and became effective from the date of the so called informal claim.

As said in United States v. Memphis Cotton Oil Co., 288 U. S. 62, 66, 53 S. Ct. 278, 280, 77 L. Ed. 619: "Statutes make it necessary that claims for the refunding or crediting of any internal revenue tax erroneously or illegally assessed or collected shall be presented to the Commissioner within a prescribed period of time and prohibit allowance of the claims if these conditions are not satisfied. Revenue Act of 1926, § 284 (b), 26 USCA § 1065 (b)."

In that case, unlike the case at bar, a claim for tax refund had been seasonably filed.

Distinguishable also is the case of Bonwit Teller & Co. v. United States, 283 U. S. 258, 51 S. Ct. 395, 75 L. Ed. 1018, relied upon by appellee, for in that case a certificate of overassessment had been delivered to the taxpayer, while in the case at bar, at least so far as the record discloses, no certificate of overassessment was delivered to the taxpayer.

The judgment is therefore reversed.

GARRECHT, Circuit Judge, dissents.